**SO ORDERED.**

**SIGNED this 28 day of September, 2016.**

_Joseph N. Callaway_
**Joseph N. Callaway**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

**IN RE:**

**YAHWEH CENTER, INC.**                          **CASE NO:**
                                                 **16-04306-5-JNC**

**DEBTOR**

### ORDER APPOINTING SPECIAL COMMITTEE
### OF PRIORITY WAGE CLAIMANTS

The matters before the court are the Motion to Appoint Special Committee of Non-Insider Unsecured Priority Wage Creditors filed on September 2, 2016 (Dkt. 36; the "Motion") and the responses filed thereto by the Debtor and the Office of the Bankruptcy Administrator (Dkts. 48 and 49; collectively, the "Responses"). A hearing was held in Wilmington, North Carolina, on September 13, 2016, at which counsel for the Debtor and counsel for the proponents of a special committee appeared. Counsel for the Bankruptcy Administrator appeared telephonically. At the conclusion of the hearing, the court took the matter under advisement.

Yahweh Center, Inc. (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on August 17, 2016. The Debtor is a non-profit North Carolina corporation with its principal place of business in Castle Hayne, North Carolina. Prior to filing, the Debtor provided various medical and psychological services to abused children in a residential setting.

The Debtor is currently operating as debtor-in-possession, although its operations have been reduced greatly, and it is no longer actively serving any patients.

As of the petition date, approximately sixty-five former employees hold claims against the Debtor for unpaid, pre-petition wages. These employees are listed on the Debtor's schedules as creditors holding priority claims and were primarily paid on an hourly basis. Their individual claims are generally for amounts less than $5,000 each.  Most of the sixty-five employees qualify as "non-insiders," as defined in 11 U.S.C. §101(31), and their claims are entitled to priority treatment pursuant to 11 U.S.C. § 507(a)(4)(A). While a small minority of these employees have filed proofs of claim, the majority have not.[1] The claims of officers and other insiders are not included in these totals.

In the Motion, fourteen of these former employees (the "Movants") seek appointment of a special committee to represent their collective interests, to facilitate the filing of a single proof of claim, to timely receive notices, and to otherwise pursue relief in an orderly manner.[2] In its Response, the Debtor contends that the appointment of a committee is unnecessary, as the Movants have failed to demonstrate that they are not otherwise adequately represented, and the proposed committee would only benefit a select group of creditors. However, at the hearing, the Debtor conceded that collective representation of the wage claims would be administratively efficient. Counsel for the Bankruptcy Administrator agreed that for purposes of claims administration, a committee representing priority wage claimants would likely prove to be beneficial.

---

[1] The claims bar deadline is December 19, 2016 for non-governmental claims.

[2] The Motion states that the Movants may also bring claims under the North Carolina Wage and Hour Act and the Fair Labor Standards Act. The automatic stay contained in 11 U.S.C. § 362(a) is, and has been, in effect since the filing of the petition, and may prevent the filing of any such action against the Debtor without prior authorization from the court.

The Office of the Bankruptcy Administrator reported to the court that no committee of unsecured creditors was appointed at the conclusion of the meeting of creditors on September 19, 2016 due to a lack of interest by holders of general unsecured claims. The Movants now seek appointment of an additional committee by the court pursuant to 11 U.S.C. § 1102.

Section 1102(a) governs the appointment of a committee, and Section 1103 enumerates the presumed powers and duties of such a committee. Section 1102(a)(2) provides:

> (2) On request of a party in interest, the court may order the appointment of additional committees of creditors or of equity security holders if necessary to assure adequate representation of creditors or of equity security holders. The United States trustee shall appoint any such committee.

While it is provided for by statute, appointment of an additional committee is regarded as an "extraordinary remedy" and therefore is infrequently evoked. Such a committee can potentially generate considerable costs to the bankruptcy estate, and thereby result in smaller net return to creditors in limited asset non-operational cases such as the present matter.  Without supervision, a special committee can often be duplicative when a general unsecured creditors' committee already exists in a case. *In re Enron Corp.*, 279 B.R.  671 (Bankr. S.D.N.Y. 2002). The decision of whether a special committee is warranted or appropriate can only be made on a case-by-case basis based on the unique challenges presented in a particular chapter 11 case. *Id.*; *see also In re Winn-Dixie Stores, Inc.*, 326 B.R. 853 (Bankr. M.D. Fla. 2005) (finding that "an additional committee would not provide a benefit to the overall administration of the estate"). Some courts employ a two-prong test when analyzing whether appointment of a committee is necessary. *In re Enron*, 279 B.R. at 685 (citing *In re Wang Labs, Inc.*, 149 B.R. 1 (Bankr. D. Mass. 1992)).

In deciding whether circumstances warrant, a court must first evaluate whether creditors will be adequately represented without the appointment of a committee, as provided in 11 U.S.C. §1102(a)(2). If not, then a court may exercise its discretion to determine whether a committee is

warranted given the facts and circumstances of a particular case. Section 1102(a)(2) explains that

the decision to appoint a committee is based on assuring "adequate representation." However, the

statute does not define or otherwise explain the meaning of that term. As a result, courts employ

several factors in evaluating adequacy of representation, including:

> (1) the ability of the committee to function; (2) the nature of the case; (3) the standing and
> desires of the various constituencies; (4) the ability for creditors to participate in the cas[e]
> without an official committee and the potential to recover expenses pursuant to § 503(b);
> (5) whether different classes may be treated differently under a plan and need
> representation; (6) the motivation of movants; (7) the costs incurred by the appointment of
> additional committees; and (8) the tasks that a committee or separate committee is to
> perform.

*In re Winn-Dixie* at 857 (citing *In re Enron Corp.*, 279 B.R. at 685) (internal quotations omitted).

Further, the Movants bear the burden of proving a lack of adequate representation by an existing

committee. *In re Budd Co., Inc.*, 512 B.R. 910 (Bankr. N.D. Ill. 2014). No single factor is

dispositive. *Id*. (citing *In re Kavlar Microfilm*, 195 B.R. 599, 601 (Bankr. D. Del. 1996)).

The court has considered each of these factors and finds that several are particularly

relevant to its analysis in the present case. The most relevant factor relates to the capacity of the

priority wage claimants to participate actively in the case without a committee given: (a) the

relatively small size of each wage claim; (b) the lack of experience and bankruptcy law

sophistication of the claimants; and (c) the likelihood that effective committee counsel will aid

rather than hinder the chapter 11 case process. Due to a lack of interest, no general committee of

unsecured trade creditors exists that could otherwise "adequately represent" the wage claimants'

interests. Practically speaking, without a committee, each wage claimant will be required to file

an individual proof of claim that may or may not be accurate, and may or may not set forth an

adequate basis for the portion of the claim entitled to wage priority treatment. And given the

probable relatively small size of each claim, if an objection is filed by debtor, the average claimant

4

would not find it efficient to employ counsel to mount a defense. Simply put, the average wage claimant in this case will find it very difficult to navigate the claims allowance labyrinth on his or her own.

Additionally, the Movants have successfully demonstrated a common interest and a willingness to work together by filing the Motion. The court therefore believes that a committee will function effectively. The Movants are motivated to form a committee for the purpose of pursuing relief in an efficient manner and do not seek to create unnecessary litigation or other delay. Accordingly, the court finds that the Movants have satisfied their burden and that appointment of a committee to represent the priority wage claimants is necessary to "assure adequate representation" of wage claimants in this case pursuant to 11 U.S.C. § 1102(a)(2).

Finally, at the hearing, counsel for the Debtor and counsel for the Bankruptcy Administrator both reported receiving numerous telephone calls from wage claimants seeking legal advice regarding their potential claims. Both attorneys are forbidden from providing legal advice to creditors. Thus, while the actual filing of a proof of claim in a bankruptcy case may be relatively straightforward, allowing the wage claimants to obtain legal advice in advance of filing will undoubtedly aid in the efficient administration of the more than sixty-five separate expected wage claims. All stakeholders in the case should be highly interested in ensuring that the wage claimants receive access to their statutorily entitled relief. The court is equally interested in ensuring that this case and creditors' claims are administered as efficiently as possible and finds that the appointment of a committee to represent priority wage claimants will streamline the claims process considerably.

The Debtor expressed concern over the potential costs and fees incurred by professionals employed by the committee and contended that they were unnecessary. However, "added cost is

not sufficient in itself to deprive creditors of the formation of an additional committee if one is otherwise appropriate." *In re Budd Co*., 512 B.R. at 915 (citing *In re Hills Stores, Co.*, 137 B.R. 4, 6 (Bankr. S.D.N.Y. 1992)). Here, the court finds that the potential fees and costs to be borne by the Debtor are justified, as they will likely result in a more expeditious resolution of the case on the whole. The committee may choose to retain professionals with the court's approval pursuant to 11 U.S.C. § 1103(a). If the committee chooses to employ a professional, the court will then evaluate his or her proposed compensation, as provided in 11 U.S.C. § 328. Sufficient statutory mechanisms exist for the court to properly review proposed employment and compensation of professionals by the committee to alleviate the Debtor's expressed concerns.

A committee appointed pursuant to 11 U.S.C. § 1102 is typically afforded the powers enumerated in 11 U.S.C. § 1103(c), including the powers to:

> (1) consult with the trustee or debtor-in-possession concerning the administration of the case;
> (2) investigate the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of such business, and any other matter relevant to the case or to the formulation of a plan;
> (3) participate in the formulation of a plan . . .;
> (4) request the appointment of a trustee or examiner under section 1104 of this title;
> (5) perform such other services as are in the interest of those represented.

However, the powers of the contemplated special committee in this case will not be unlimited and will be restricted, at least for the present. At this early stage in the case, it is not necessary for the committee to exercise the potentially broad and sweeping powers provided in 11 U.S.C. § 1103(c), as it is a special creditors' committee, *not* a general unsecured creditors' committee. Instead, the court finds it sufficient that the special committee be granted limited authority relating to the investigation and determination of pre-petition and post-petition wage claims; the filing of such claims and defense of objections; negotiation of wage class plan treatment and objections to plan confirmation; and similar related wage class matters.

For example, the committee is permitted to a request and obtain documents and other information regarding the Debtor's payroll practices, payroll records, vacation pay, timecards, and similar matters. The special committee will also be permitted to hire bankruptcy counsel to advise the represented wage claimants regarding the claims process, help them file proofs of claim in the case, and defend the claims if objections are filed.  Counsel may also negotiate plan treatment for the wage class. However, the special committee's investigatory authority under 11 U.S.C. § 1102(a)(2) (and that of its counsel) shall be limited to payroll and wage issues noted above. Further authority for broader investigatory and other authority for the committee may be sought in future filings in the case upon showing the need for expanded powers and authority.

It is therefore ORDERED and DECREED:

1.      A special committee (the "Committee") is appointed to represent non-insider wage claimants in this case. The Committee shall consist of no more than seven (7) members. The Bankruptcy Administrator is directed to communicate with the Movants as soon as practicable to establish the Committee's structure and name its members and chairperson.

2.      The Committee is granted the powers listed in 11 U.S.C. §§ 1103(a)(1), (a)(3), and (a)(5), as they specifically relate to pre-petition wage claims. The Committee is authorized to hire counsel for the purpose of providing legal advice to its members regarding the filing of proper proofs of claim in this case, and to defend such claims as may be proper upon later objection.

3.      The Committee is not authorized to file adversary proceedings or take independent legal actions in other forums against the Debtor, its officers and directors, or its affiliates without further authorization from the court. The individual rights of claimants against parties other than the Debtor are not affected, except to the extent such action may violate 11 U.S.C. § 362, which is not altered in any manner by this order.

4.     Nothing herein shall prevent the committee from seeking an expansion of its powers and duties at a later date, including those contained in 11 U.S.C. §§ 1103(a)(2) and (a)(4), if appropriate and upon a showing of a need for such authority.

**END OF DOCUMENT**